Filing # 92048384 E-Filed 07/03/2019 10:04:38 AM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>TWENTIETH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>COLLIER</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>CLERK OF THE CIRCUIT COURT AND COMPTROLLER FOR COL</u>
Plaintiff
         vs.
<u>UNITED STATES SECURITIES AND EXCHANGE COMMISSION, THE M.B.W. BUILDING, INC.</u>
Defendant

**II.      TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.  **REMEDIES SOUGHT** (check all that apply):
    ☒  Monetary;
    ☐  Non-monetary declaratory or injunctive relief;
    ☐  Punitive

IV.  **NUMBER OF CAUSES OF ACTION: (      )**
    (Specify)

    <u>1</u>

V.  **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐  Yes
    ☒  No

VI.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒  No
    ☐  Yes – If "yes" list all related cases by name, case number and court:

VII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐  Yes
    ☒  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Travis Richard Walker</u>   FL Bar No.: <u>36693</u>
    Attorney or party                              (Bar number, if attorney)

<u>Travis Richard Walker</u>    <u>07/03/2019</u>
    (Type or print name)                    Date

Filing # 92048384 E-Filed 07/03/2019 10:04:38 AM

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR COLLIER COUNTY, FLORIDA**

CLERK OF THE CIRCUIT COURT AND
COMPTROLLER FOR COLLIER COUNTY,
FLORIDA                                                  CASE NO:

      Plaintiff,

vs.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
THE M.B.W. BUILDING, INC.
      Defendants.

_____/

## COMPLAINT FOR INTERPLEADER

COMES NOW, the Plaintiff, CLERK OF THE CIRCUIT COURT AND COMPTROLLER

FOR COLLIER COUNTY, FLORIDA, (hereinafter the "Clerk") sues the Defendants and states

as follows:

1.      This is an action for interpleader for an amount of more than Fifteen Thousand Dollars

($15,000).

2.      The property which is the subject of this action (the "Subject Property") is located in Collier
County, Florida, and is described as follows:

      a.      Legal Description: The Legal Description is as is provided in the Tax Deed for the

Subject Property, a copy of which is attached hereto as **Exhibit "A"**;

      b.      Subject Property Address: 12355 Collier Blvd. Suite C, Naples, FL. 34116.

3.      Venue is proper in and for Collier County, Florida, pursuant to §47.011, Florida Statutes.

4.      The Clerk is the duly elected Clerk of Circuit Court and Comptroller for Collier County,

Florida.

5.     On or about December 5, 2016, the Clerk conducted a tax deed sale pursuant to §197.542, Florida Statutes, for the Subject Property. See Affidavit of Deputy Clerk, which is attached hereto as **Exhibit "B."** The Subject Property was sold pursuant to Tax Deed File Number 13945. (*See* **Exhibit "A".**)

6.     After the Subject Property was sold at a tax deed sale, surplus funds remain in a tax overbid account (the "Surplus Funds") which are in the possession and control of the Clerk. (*See* **Exhibit "B".**)

7.     At the time of the tax deed sale, THE M.B.W. BUILDING, INC. was the owner of record of the Subject Property, pursuant to a Certificate of Title recorded at Book 4656, Page 2827 of the Official Records of Collier County, Florida.   THE M.B.W. BUILDING, INC. submitted a statement of claim for the Surplus Funds.  A copy of the Certificate of Title and the statement of claim are attached hereto as **Composite Exhibit "C".**  In this capacity, THE M.B.W. BUILDING, INC. may have an interest in the Surplus Funds

8.     The UNITED STATES SECURITIES AND EXCHANGE COMMISSION (the "SEC") submitted a claim for the Surplus Funds, a copy of which is attached hereto as **Exhibit "D".**

9.     The SEC's claim asserts an entitlement to the Surplus Funds by virtue of Orders and Judgments issued in SEC v. William L. Gunlicks and Pamela L. Gunlicks, 2:09-cv-229-FtM-29DNF (M.D. Fla 2009), hereinafter referred to as the "Gunlicks Proceeding". (See **Exhibit "D".**)

10.    The Orders and Judgments contained in the SEC's claim are neither certified nor recorded in the Official Records of Collier County Florida.  As a result, the Clerk cannot determine the validity of the SEC's claim.

11.    The SEC may have a viable interest in the Surplus Funds.

12.     Prior to THE M.B.W. BUILDING, INC. taking possession of the Subject Property, the previous owners William L. Gunlicks and Pamela L. Gunlicks, were under an order of receivership in the Gunlicks Proceeding forbidding them to dispose of property absent court order. This order of receivership was recorded at Book 4631, Page 851 of the Official Records of Collier County, Florida. Copy of this order is attached hereto as **Exhibit "E"**.

13.     Pursuant to an order recorded at Book 4631, Page 912, of the Official Records of Collier County, and attached hereto as **Exhibit "F"**, the Court in the Gunlicks Proceeding was "inclined to grant the motion" permitting the Gunlicks to voluntarily sell the property.

14.     Since THE M.B.W. BUILDING, INC. took ownership of the Subject Property from the Gunlicks in an involuntary foreclosure proceeding in which THE M.B.W. BUILDING, INC. was Plaintiff, it is unknown if the Order of Receivership and Order of Relief therefrom (**Exhibits "E"** and **Exhibit "F"** respectively) affect the SEC's or THE M.B.W. BUILDING, INC's entitlement to the Surplus Funds.

15.     As a result of the Defendants' potential interests in the Subject Property, potentially conflicting claims and/or rights to the Surplus Funds exist.

16.     Pursuant to §197.582(3), if "potentially conflicting claims to the funds exist, the Clerk may initiate an interpleader action against the lienholders involved, and the court shall determine the proper distribution."

17.     The Clerk has no knowledge as to the validity of the Defendants' conflicting and competing claims to the Surplus Funds and did not cause the conflicting claims between the Defendants. The Clerk has no interest in the final disposition of the tax deed monies among or between the Defendants.

18.    The Clerk cannot determine which, if any, of the Defendants are entitled to all or a portion

of the Surplus Funds and runs the risk of being exposed to double or multiple liabilities if the Clerk

distributes the Surplus Funds, in part or in total, to any of the Defendants in accordance with their

respective claims or rights to receive Surplus Funds.

19.    The Clerk is entitled to receive attorney's fees and costs in this matter, pursuant to Fla.

Stat. §197.582(3) paid from the overbid funds.

WHEREFORE, pursuant to Rule 1.240, Florida Rules of Civil Procedure, and pursuant to Fla

Stat § 197.582(3), the Clerk joins the Defendants in this Interpleader Action, requests that the

Court requires the Defendants to plead their claims against each other to the tax deed overbid

funds, requests an Order dismissing the Clerk from this Interpleader Action, requests attorney's

fees and costs be paid to the Clerk for initiating this Interpleader Action, and requests any other

such relief as the Court deems just and proper.

DATED this _____ day of July 2019.

/s/ *Scott R. Harlowe*
SCOTT HARLOWE, ESQ.
Florida Bar No. 0010415
The Law Offices of Travis R. Walker, P.A.
1235 SE Indian Street, Suite 101
Stuart, Florida 34997
Tel: (772) 708-0952
Email: Interpleaders@traviswalkerlaw.com
scott@traviswalkerlaw.com

\*\*\* INSTR 5343136  OR 5341  PG 1388  RECORDED 12/8/2016 11:29 AM  PAGES 1   \*\*\*
DWIGHT E. BROCK, CLERK OF THE CIRCUIT COURT, COLLIER COUNTY FLORIDA
DOC@.70 $637.00  REC $10.00
CONS $91,000.00

DR-506 R. 04/16
Rule 12D-16.002
Florida Administrative Code
Eff. 04/16

Tax deed file number <u>13945</u>

Parcel ID number <u>56200000061</u>

# TAX DEED

Collier County, Florida

**For official use only**

Tax Certificate Numbered <u>10-7075</u> issued on <u>May 28, 2010</u>, was filed in the office of the tax collector of Collier County, Florida. An application has been made for the issuance of a tax deed. The applicant has paid or redeemed all other taxes or tax certificates on the land as required by law. The notice of sale, including the cost and expenses of this sale, has been published as required by law. No person entitled to do so has appeared to redeem the land. On the <u>5th</u> day of <u>December, 2016</u> the land was offered for sale. It was sold to <u>12355 Collier Blvd #C Trust, Alexander S. Oppliger as Trustee with full power and authority to protect, conserve, sell, lease, encumber, or otherwise to manage and dispose of the real property described herein as provided in Florida Statutes 689.071</u> address <u>5091 Cherry Wood Dr., Naples, FL 34119</u>, who was the highest bidder and has paid the sum of the bid required by law.

The lands described below, including any inherited property, buildings, fixtures and improvements of any kind and description, situated in this County and State.

Description of lands:

**M B W BUILDING, THE A CONDOMINIUM UNIT C**

On <u>6th</u> day of <u>December, 2016</u>, in Collier County, Florida, in the sum of <u>($91,000.00) Ninety-One Thousand 00/100</u>—Dollars, being the amount paid as required by law.

Witnesses: _____
Leslie M Rocco

_____
Donna Rutherford

Clerk of the Circuit Court
Karey Fyffe, Deputy Clerk
Collier County, Florida

Collier County, Florida
On this <u>6th</u> day of <u>December, 2016</u>, before me Donna Rutherford personally appeared Karey Fyffe, Deputy Clerk of the Circuit Court in and for the State and this County known to me to be the person described in, and who executed the foregoing instrument, and acknowledged the execution of this instrument to be his own free act and deed for the use and purposes therein mentioned.

Witness my hand and official seal date aforesaid.

_____
Donna Rutherford, Deputy Clerk

This instrument was prepared by
Donna Rutherford, Deputy Clerk
Collier County, Naples, Florida



EXHIBIT
A

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA**

CLERK OF THE CIRCUIT COURT AND
COMPTROLLER FOR COLLIER COUNTY,
FLORIDA                                         CASE NO:

     Plaintiff,

vs.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
THE M.B.W. BUILDING, INC.
    Defendants.

_____/

## AFFIDAVIT OF TAX DEED RECORD CLERK IN SUPPORT OF COMPLAINT FOR INTERPLEADER

There did come before the undersigned the Affiant, _Donna Rutherford_ ,

Deputy Clerk, who states as follows:

1. I am an individual over the age of 18 years and this affidavit is made upon personal knowledge.

2. I am employed by Crystal K. Kinzel, Clerk of the Circuit Court in and for Collier County (the "Clerk"), as a Tax Deed Record Clerk. I have been employed in this position since _2008_ .

3. My job duties include the oversight of tax deed sales and the distribution of overbid monies from the sale of tax deed on behalf of the Clerk.

4. I am familiar with Tax Deed No. 13945.

5. The property which is the subject of this action (the "subject property") is located in Collier County, Florida, and is described as follows:

**M B W BUILDING, THE A CONDOMINIUM UNIT C**

<u>Subject Property Address</u>: 12355 Collier Blvd. Suite C, Naples, FL. 34116.

Tax Deed # 13945  COLL



EXHIBIT
B

6. The tax deed overbid account for Tax Deed No. 13945 currently contains a surplus of

7. $ <u>75,280.44 (Plus Accrued Interest)</u>

8. There are stakeholders who appear to have a priority interest who did not file a statement of claim.

9. The Clerk is requesting the Court's determination as to the interest of the stakeholders.

**Further Affiant sayeth naught.**



<u>Donna Rutherford</u>                , Deputy Clerk

STATE OF FLORIDA
COUNTY OF COLLIER
The foregoing instrument was acknowledged before me this  July 2, 2019, by Donna Rutherford who is personally known..

Crystal K. Kinsel
Clerk of Circuit Court & Comptroller

Katrish Pugh, Deputy Clerk

Tax Deed # 13945  COLL

INSTR 4551469  OR 4656  PG 2827  RECORDED 3/2/2011 10:27 AM  PAGES 2
DWIGHT E. BROCK, CLERK OF THE CIRCUIT COURT, COLLIER COUNTY FLORIDA
DOC@.70 $3.50  REC $18.50
CONS $500.00

IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL
CIRCUIT IN AND FOR COLLIER COUNTY,
FLORIDA

THE M.B.W. BUILDING, INC., a Florida
corporation not-for-profit,

      Plaintiff,

**FILE NO. 10-3173-CC**
**CIVIL DIVISION**

vs.

WILLIAM L. GUNLICKS and PAMELA L.
GUNLICKS,

      Defendants.

## CLERK'S CERTIFICATE OF TITLE

    The undersigned Clerk of the Court certifies that he executed and filed a Certificate of Sale in this action on February 11, 2011, for the property in Collier County, Florida, described as follows:

    Unit C of THE M.B.W. BUILDING, a Condominium, and an undivided share in the common elements appurtenant thereto, in accordance with and subject to the covenants, restrictions, terms and other provisions of the Declaration of Condominium thereof recorded in Official Record Book 1171, Pages 1338-1379, inclusive, of the Public Records of Collier County, Florida, and subsequent amendments thereto

and no objection to the sale having been filed within the time allowed for filing objections, the property was sold to The M.B.W. Building, Inc., a Florida corporation not-for-profit. at C/o David Farmer, President, 12355 Collier Boulevard, Suit B, Naples, FL 34116

    WITNESS my hand and the seal of this court on March 1, 2011.

              DWIGHT E. BROCK
              **Clerk of Court**

              By: _____
              Deputy Clerk

(Court Seal)

-1-

EXHIBIT
C

### CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing Certificate of Title has been furnished by United States Mail on March 2, 2011 _____, to each of the following: **William L. Gunlicks and Pamela L. Gunlicks**, 341 Sheridan Rd., Winnetka, IL 60093-4227; and **DOUGLAS L. RANKIN, ESQ.**, Attorney for Plaintiff, 2335 Tamiami Trail North, Suite 308, Naples, FL 34103.

BValdean

Court Clerk  Deputy Clerk

-2-

## CLAIM TO SURPLUS PROCEEDS OF A TAX DEED SALE

Complete and Return to:  Collier County Clerk of Circuit Court
                         Attn: Tax Deed Clerk
                         PO Box 413044
                         Naples, FL 34101-3044

*Note: The Clerk must pay all valid liens before distributing to a titleholder*

Claimant's name _THE MBW BUILDING, INC._
Contact name if claimant is not an individual _WILLIAM GILLENWATERS_
Address (this is where payment will be mailed) _451 PEPPERWOOD COURT_
_____ City _MARCO ISLAND_ State _FL 34145_
Telephone No _239 404 3713_
Email Address _BILL GILLENWATERS @ GMAIL, COM_
Tax Deed No. TDA _13945_ Date of Tax Deed Sale _12/05/2016_
CERTIFICATE NUMBER 10-7075  LEGAL: UNIT C, MBW BUILDING
____ I am not making a claim and waive any claim I might have to the
Surplus finds on this tax deed sale.
_X_ I claim surplus proceeds resulting from the above tax deed sale. I
am a ____ Lienholder _X_ Titleholder.

1. **LIENHOLDER INFORMATION** (Complete if claim is based on a lien against
   sold property)
   A. Type of Lien: ____ Mortgage; ____ Court Judgment; ____ Other–Describe in
      detail: _____
      _____
   If your lien is recorded in the Collier County Official Records, list the following if
   known:  Recording date _____; Instrument # _____
      OR Book # _____ Page # _____
   B. Original Amount of Lien $ _____
   C. Amount Remaining Due (include interest, if applicable) $ _____

2. **TITLEHOLDER INFORMATION** (Complete if claim is based on title held on
   sold property)
   A. Nature of Title: _X_ Deed; ____ Court Judgment; ____ Other–Describe in
      detail: _THE MBW BUILDING INC BECAME OWNERS THROUGH_
      _FORECLOSURE FOR NON PAYMENT OF DUES._
   If your title is recorded in the Collier County Official Records, list the following if
   known:  Recording date _____; Instrument # _____
      OR Book # _____ Page # _____
   B. Amount of surplus tax sale proceeds claimed $ _75 280.44_
   C. Do you claim this property was your homestead at the time of sale?
      _____ Yes _X_ No

I hereby swear that all of the above information is true and correct.

Signature of Claimant: _Will M Gllw_   PRESIDENT , MBW BUILDING INC.
Date:_01/25/2017_                      bill a filter

**(Notarization not required if Claim is being waived)**

State of _FLORIDA_
County of _MANATEE_
Sworn to or affirmed and signed before me on _1/26/17_ by
_William Gillenwaters_ .

_____ Personally Known

___✓_ Produced identification; Type of identification produced _FL. DR. LIC._ .

_____ Susan Buckley _____
Notary Public or Deputy Clerk

_____ Susan Buckley _____
Print, type or stamp commissioned name of Notary
Or Deputy Clerk

SUSAN BUCKLEY
NOTARY
My Comm. Expires
March 23, 2020
No. FF 974437
PUBLIC
STATE OF FLORIDA

Rev. 11/17/2015
BP Tax Deed Surplus Distributions



**DIVISION OF
ENFORCEMENT**

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
## MIAMI REGIONAL OFFICE
### 801 BRICKELL AVENUE
### SUITE 1800
### MIAMI, FL 33131
MAIN NUMBER: (305) 982-6300

ANGELICA M. RODRIGUEZ
CASE MANAGEMENT SPECIALIST

DIRECT DIAL: (305) 982-6372
FACSIMILE: (305) 536-4152
EMAIL: RODRIGUEZA@SEC.GOV

February 6, 2017

County of Collier
Clerk of the Circuit Court
Collier County Court House
P.O. Box 413044
Naples, FL 34101-3044

Statement of Claim
Certificate Number: 10-7075
TDA Number: 13945
Description: M B W Building Unit C
Date of Sale: December 5, 2016

U.S. Securities and Exchange Commission v. Founding Partners Capital Management Co., William L.
Gunlicks and Pamela L. Gunlicks, et al. (SD Fla 2:09-cv-00229-JES-SPC) (FL-03460-B)

Dear Sir/ Madame:

I hereby submit the U.S. Securities and Exchange Commission's ("SEC") claim for the surplus funds
being held by the Clerk of the Circuit Court of Collier County (Attachment A).

The SEC has a monetary judgment entered on March 6, 2014, against William L. Gunlicks for
disgorgement, prejudgment interest and civil money penalty totaling $31,829,808.86 (copies of orders
and judgment as Attachment B). The full amount ordered, plus post judgment interest, remains
outstanding, unpaid and owing.

I am attaching a true and genuine copy of my current government issued photo identification (Attachment
C).

Payment of surplus funds can be made via check/money order made out to the U.S. Securities and
Exchange Commission (Tax ID 53-0193492) and sent to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Blvd
> HQ Bldg, Room 181, AMZ-341
> Oklahoma City, OK 73169



EXHIBIT

D

Payment can also be made via FedWire (instructions on Attachment D) or Pay.gov.

If you have any questions, please contact Robert K. Levenson, Senior Trial Counsel, at (305) 982-6341 or undersigned at (305) 982-6372.

Sincerely,

Angelica M. Rodriguez
Case Management Specialist
For Robert K. Levenson, Senior Trial Counsel

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

vs.                        Case No. 2:09-cv-229-FtM-29DNF

FOUNDING PARTNERS CAPITAL MANAGEMENT
CO., WILLIAM L. GUNLICKS and PAMELA
L. GUNLICKS,

        Defendants,

FOUNDING PARTNERS STABLE-VALUE FUND,
LP, FOUNDING PARTNERS STABLE-VALUE
FUND II, LP, FOUNDING PARTNERS
GLOBAL FUND, LTD., and FOUNDING
PARTNERS HYBRID-VALUE FUND, LP,

        Relief Defendants.

_____

**ORDER**

    This matter comes before the Court on Plaintiff's Notice of Filing Consent of Defendant William L. Gunlicks and Request for Entry of Judgment of Permanent Injunction and Other Relief (Doc. #197) filed on February 22, 2010. Plaintiff Securities and Exchange Commission (plaintiff or the "Commission") has filed the Consent of Defendant William L. Gunlicks (Doc. #197-1, pp. 1-8), as well as the proposed Judgment of Permanent Injunction and Other Relief as to Defendant William L. Gunlicks (Docs. ## 197-2; 197-1, pp. 9-13), and seeks the entry of a consent judgment against defendant.

Attachment B

Plaintiff states in the Notice that entry of the consent judgment will resolve all issues of liability in this matter with respect to defendant William Gunlicks, and that the parties intend to seek to resolve the remaining issues of disgorgement, prejudgment interest, and a civil money penalty.

Upon review, the Court will grant the motion, approve the consent decree and enter the proposed consent judgment, as agreed upon by the parties.

Accordingly, it is now

**ORDERED:**

1.   Plaintiff Securities and Exchange Commission's Notice of Filing Consent of Defendant William L. Gunlicks and Request for Entry of Judgment of Permanent Injunction and Other Relief (Doc. #197) is **GRANTED**.   The Clerk shall enter judgment as to defendant William L. Gunlicks, without terminating defendant, as follows:

### JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT WILLIAM L. GUNLICKS

The Securities and Exchange Commission having filed a complaint, and Defendant William L. Gunlicks having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction,

-2-

which Gunlicks admits); waived findings of fact and
conclusions of law; and waived any right to appeal from
this Judgment:

### I.   VIOLATION OF SECTION 17(a) OF
### THE SECURITIES ACT OF 1933

**IT IS ORDERED AND ADJUDGED** that Gunlicks and his
agents, servants, employees, attorneys, representatives,
and all persons in active concert or participation with
them who receive actual notice of this Judgment by
personal service or otherwise are permanently restrained
and enjoined from violating Section 17(a) of the
Securities Act of 1933 (the "Securities Act"), 15 U.S.C.
§ 77q(a), in the offer or sale of any security by the use
of any means or instruments of transportation or
communication in interstate commerce or by use of the
mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice
to defraud;

(b)   to obtain money or property by means of
any untrue statement of a material fact
or any omission of a material fact
necessary in order to make the statements
made, in light of the circumstances under
which they were made, not misleading; or

c)   to engage in any transaction, practice,
or course of business which operates or
would operate as a fraud or deceit upon
the purchaser.

## II. SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND EXCHANGE ACT RULE 10b-5

**IT IS FURTHER ORDERED AND ADJUDGED** that Gunlicks and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and exchange act Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

> (a) to employ any device, scheme, or artifice to defraud;
>
> (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
>
> (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

-4-

### III.  SECTIONS 206(1), 206(2), AND 206(4) OF THE INVESTMENT ADVISERS ACT of 1940 AND RULE 206(4)-8 THEREUNDER

**IT IS FURTHER ORDERED AND ADJUDGED** that Gunlicks and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1), (2), and (4), and Advisers Act Rule 206(4)-8, 17 C.F.R. § 275.206(4)-8, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud clients or prospective clients;

(b)   to engage in transactions, practices and courses of business that operates as a fraud or deceit upon clients or prospective clients; or

(c)   to engage in acts, practices, or courses of business which are fraudulent, deceptive, or manipulative.

-5-

### IV.   COMMISSION'S CEASE-AND-DESIST ORDER

**IT IS FURTHER ORDERED AND ADJUDGED** that Gunlicks and
his agents, servants, employees, attorneys, and all
persons in active concert or participation with them who
receive actual notice of this Judgment by personal
service or otherwise are ordered pursuant to Section
20(c) of the Securities Act to comply with the
Commission's December 3, 2007 Administrative Order
requiring Gunlicks to cease and desist from committing or
causing any violations of Section 17(a)(2) of the
Securities Act, 15 U.S.C. § 77q(a)(2).

### V.   DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Gunlicks
shall pay disgorgement of ill-gotten gains, prejudgment
interest thereon, and a civil penalty pursuant to Section
20(d) of the Securities Act, 15 U.S.C. § 77t(d), and
Section 21(d)(3) of the Exchange Act, 15 U.S.C.
§ 78u(d)(3). The Court shall determine the amounts of
the disgorgement and civil penalty upon motion of the
Commission.   Prejudgment interest shall be calculated
from April 20, 2009, based on the rate of interest used
by the Internal Revenue Service for the underpayment of
federal income tax as set forth in 26 U.S.C.
§ 6621(a)(2). In connection with the Commission's motion

-6-

for disgorgement and/or a civil penalty, and at any hearing held on such a motion: (a) Gunlicks will be precluded from arguing that he did not violate the federal securities laws as alleged in the complaint; (b) Gunlicks may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or a civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

## VI.   INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and that Gunlicks shall comply with all of the undertakings and agreements set forth therein.

-7-

### VII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

2.    Defendant William L. Gunlicks' Motion to Dismiss and Memorandum of Law (Doc. #84) is **DENIED** in light of the consent judgment.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of March, 2010.

_John E. Steele_

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

-8-

## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

-vs-                                 Case No. 2:09-cv-229-FtM-29DNF

FOUNDING PARTNERS CAPITAL
MANAGEMENT CO., WILLIAM L.
GUNLICKS and PAMELA L. GUNLICKS,

        Defendants,

FOUNDING PARTNERS STABLE-VALUE
FUND, LP, FOUNDING PARTNERS STABLE-
VALUE FUND II, LP, FOUNDING PARTNERS
GLOBAL FUND, LTD., and FOUNDING
PARTNERS HYBRID-VALUE FUND, LP,

        Relief Defendants.

_____

## JUDGMENT IN A CIVIL CASE

      IT IS ORDERED AND ADJUDGED that pursuant to the Court's Ordered entered March 3, 2010:

### JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT WILLIAM L. GUNLICKS

      The Securities and Exchange Commission having filed a complaint, and Defendant William L. Gunlicks having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Gunlicks admits); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

### I.   VIOLATION OF SECTION 17(a) OF
### THE SECURITIES ACT OF 1933

IT IS ORDERED AND ADJUDGED that Gunlicks and his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

   (a)   to employ any device, scheme, or artifice to defraud;

   (b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

   c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### II.   SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND
### EXCHANGE ACT RULE 10b-5

IT IS FURTHER ORDERED AND ADJUDGED that Gunlicks and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and exchange act Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would  operate as a fraud or deceit upon any person.

### III.  SECTIONS 206(1), 206(2), AND 206(4) OF THE INVESTMENT ADVISERS ACT of 1940 AND RULE 206(4)-8 THEREUNDER

IT IS FURTHER ORDERED AND ADJUDGED that Gunlicks and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly

or indirectly, Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1), (2), and (4), and Advisers Act Rule 206(4)-8, 17 C.F.R. § 275.206(4)-8, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

     (a)   to employ any device, scheme, or artifice to defraud clients or prospective clients;

     (b)   to engage in transactions, practices and courses of business that operates as a fraud or deceit upon clients or prospective clients; or

     (c)   to engage in acts, practices, or courses of business which are fraudulent, deceptive, or manipulative.

**IV.   COMMISSION'S CEASE-AND-DESIST ORDER**

**IT IS FURTHER ORDERED AND ADJUDGED** that Gunlicks and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are ordered pursuant to Section 20(c) of the Securities Act to comply with the Commission's December 3, 2007 Administrative Order requiring Gunlicks to cease and desist from committing or causing any violations of Section 17(a)(2) of the Securities Act, 15 U.S.C. § 77q(a)(2).

**V.  DISGORGEMENT AND CIVIL PENALTY**

-4-

**IT IS FURTHER ORDERED AND ADJUDGED** that Gunlicks shall
pay disgorgement  of ill-gotten gains, prejudgment interest
thereon, and a civil penalty pursuant to Section 20(d) of the
Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of
the Exchange Act, 15 U.S.C. § 78u(d)(3).   The Court shall
determine the amounts of the disgorgement and civil penalty
upon motion of the Commission.  Prejudgment interest shall be
calculated from April 20, 2009, based on the rate of interest
used by the Internal Revenue Service for the underpayment of
federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In
connection with the Commission's motion for disgorgement
and/or a civil penalty, and at any hearing held on such a
motion: (a) Gunlicks will be precluded from arguing that he
did not violate the federal securities laws as alleged in the
complaint; (b) Gunlicks may not challenge the validity of the
Consent or this Judgment; (c) solely for the purposes of such
motion, the allegations of the complaint shall be accepted as
and deemed true by the Court; and (d) the Court may determine
the issues raised in the motion on the basis of affidavits,
declarations, excerpts of sworn deposition or investigative
testimony, and documentary evidence, without regard to the
standards for summary judgment contained in Rule 56(c) of the
Federal Rules of Civil Procedure.   In connection with the
Commission's motion for disgorgement and/or a civil penalty,

-5-

the appropriate non-parties.

## VI.   INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent filed herewith is incorporated herein with the same force and effect as if fully set forth herein, and that Gunlicks shall comply with all of the undertakings and agreements set forth therein.

## VII.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Date:  March 4, 2010

SHERYL L. LOESCH, CLERK

By: /s/ Kimberly Arnett, Deputy Clerk

c:  All parties and counsel of record

-6-

1.   **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a)   Appeals from final orders pursuant to 28 U.S.C. Section 1291: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

   (b)   In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c)   Appeals pursuant to 28 U.S.C. Section 1292(a): Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d)   Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e)   Appeals pursuant to judicially created exceptions to the finality rule: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.   **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

   (a)   Fed.R.App.P. 4(a)(1): A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing. Special filing provisions for inmates are discussed below.

   (b)   Fed.R.App.P. 4(a)(3): "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c)   Fed.R.App.P.4(a)(4): If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d)   Fed.R.App.P.4(a)(5) and 4(a)(6): Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e)   Fed.R.App.P.4(c): If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.   **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant

4.   **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

Rev.: 4/04

-8-

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

vs.                            Case No. 2:09-cv-229-FtM-29DNF

FOUNDING PARTNERS CAPITAL MANAGEMENT
CO., WILLIAM L. GUNLICKS and PAMELA
L. GUNLICKS,

        Defendants,

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Set Disgorgement and Prejudgment Interest, and Impose a Civil Penalty Against Defendant William L. Gunlicks (Doc. #288) filed on May 4, 2011. No response has been filed and the time to respond has expired. The Securities and Exchange Commission (SEC) seeks a final judgment finding William L. Gunlicks liable for disgorgement of $28,635,966.55, plus pre-judgment interest of $2,193,842.31, for a total of $30,829,808.86, and ordering a civil penalty of $1,000,000.

I.

On March 3, 2010, the Court entered an Order (Doc. #200) granting a request for entry of judgment of permanent injunction, and noting that the consent judgment would resolve all issues of

liability, but that the parties intended to "resolve the remaining issues of disgorgement, pre-judgment interest, and a civil money penalty." (Doc. #200, p. 2.) The Judgment (Doc. #201) was entered the next day and included the following relevant language:

> **IT IS FURTHER ORDERED AND ADJUDGED** that Gunlicks shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). **The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.** Prejudgment interest shall be calculated from April 20, 2009, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or a civil penalty, and at any hearing held on such a motion: (a) Gunlicks will be precluded from arguing that he did not violate the federal securities laws as alleged in the complaint; (b) Gunlicks may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or a civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

(Doc. #201, p. 5)(emphasis added).

## II.

Based on the consented judgment, the allegations in the Complaint are accepted and deemed true. The Court summarized the Complaint on May 7, 2009, in an Opinion and Order as follows:

The five-count securities fraud Complaint (Doc. #1) names Founding Partners Capital Management Company ("Founding Partners") and William L. Gunlicks (Gunlicks) as defendants, while two Sun Capital entities and the four other Founding Partners entities are named as relief defendants (i.e., nominal defendants). Founding Partners is described as a Florida corporation registered as an investment advisor with the SEC. Gunlicks is described as the president, CEO, and sole shareholder of Founding Partners, and the beneficiary of management fees obtained by Founding Partners. Both Founding Partners and Gunlicks consented to an SEC order in 2007 requiring them to cease and desist from committing or causing any violations of Section 17(a)(2) of the Securities Act of 1933.

The Complaint alleges that Founding Partners and Gunlicks (collectively, "defendants") operate three hedge funds and one mutual fund, each of which made loans to the two Sun Capital relief defendants, Sun Capital, Inc. and Sun Capital Healthcare, Inc. (collectively, "Sun Capital"). Sun Capital, Inc. utilizes the loans from Founding Partners to fund the purchase of accounts receivables; Sun Capital Healthcare, Inc. utilizes loans from Founding Partners to purchase accounts receivable from healthcare providers.

The SEC alleges that since 2001, Founding Partners has made loans to Sun Capital through its primary fund, Founding Partners Stable-Value Fund, LP ("Stable-Value"), to finance Sun Capital's discounted purchase of receivables. The loans were made pursuant to written loan agreements, which allowed Sun Capital to use the loan proceeds to purchase healthcare and commercial receivables. Sun Capital could draw on the loans to purchase the receivables (typically from healthcare providers) and then repay the loans after collecting the receivables from the payors. Sun Capital paid Stable-Value interest at approximately 1.3% per month; after receiving the monthly interest payment, Stable Value would re-lend the money to Sun Capital, and the process would be repeated. Founding Partners charged Stable-Value a 1.75% annualized management fee on the total balance of the loan. While no automatic distributions were made to Founding Partners' investors, redemptions were available on a quarterly basis with 60 days written notice.

-3-

Defendants are alleged to have solicited funds from investors based upon representations that the Stable-Value loans to Sun Capital constituted a safe investment opportunity. Defendants' representations are alleged to have included that Sun Capital was factoring short-term (i.e., collected within 150 days), highly liquid receivables that fully secured the loans made by Stable-Value to Sun Capital. The SEC alleges that despite these representations to investors, beginning in 2004, defendants permitted Sun Capital to purchase longer-term receivables that were less liquid and much riskier, such as workers' compensation receivables and Disproportionate Share (DSH) receivables, and to use loan proceeds to make working capital loans to financially troubled hospitals that it had purchased. Defendants are alleged to have continued to solicit investors without disclosing the change in use of the underlying loans and the increased risks presented, and to have failed to tell investors of the changes by Sun Capital and their effects on the safety of the investments. It is alleged that Sun Capital currently owes $550 million on the Stable-Value loans, only 32% of which is invested in and secured by the less risky, short-term receivables that defendants had described to their investors. The $550 million constitutes 99% of Stable-Value's portfolio, and all that remains of investors' money are Sun Capital receivables and any other assets of Sun Capital securing the loans. The SEC alleges that the investors' money is at immediate risk of being used to support Sun Capital's working capital requirements and of being diverted directly to defendants.

Additionally, the SEC alleges that defendants have recently received significant redemption requests, most of which have not been honored, but that defendants have continued to solicit investors without disclosing these redemption requests. Further, the SEC alleges that defendants falsely represented to investors that they had audited financial statements for 2007, failed to disclose the consent Order in the SEC administrative proceeding, failed to provide a copy of the consent order to each current and prospective client as required by the Order, and used fund assets to pay personnel expenses.

(Doc. #56, pp. 3-6.)   At the time, the Court considered $5,912,500.00 as the amount of ill-gotten gain, in the absence of

a more specific figure.  (Id. at p. 9.)  Later, in declining to modify the previously imposed freeze order, the Court agreed that the amount was at least $27 million.  (Doc. #117, pp. 23.)

### III.

"The SEC is entitled to disgorgement upon producing a reasonable approximation of a defendant's ill-gotten gains. [ ] The burden then shifts to the defendant to demonstrate that the SEC's estimate is not a reasonable approximation.  [ ] Exactitude is not a requirement; '[s]o long as the measure of disgorgement is reasonable, any risk of uncertainty should fall on the wrongdoer whose illegal conduct created that uncertainty.'"  SEC v. Calvo, 378 F.3d 1211, 1217 (11th Cir. 2004)(internal citations omitted). "But, the 'power to order disgorgement extends only to the amount with interest by which the defendant profited from his wrongdoing. Any further sum would constitute a penalty assessment.'"  SEC v. ETS Payphones, Inc., 408 F.3d 727, 735 (11th Cir. 2005)(quoting SEC v. Blatt, 583 F.2d 1325, 1335 (5th Cir. 1978)).

The Declaration of Tonya Tullis (Tullis), a Certified Public Accountant and Staff Accountant with the Miami Regional Office of the SEC, provides that the financial statements of Founding Partners Capital Management Company (Found Partners) and Founding Partners Stable-Value  Fund, LP (Stable-Value) were reviewed and audited.   Upon review, Tullis found that Stable-Value paid management fees in excess of $23,000,000 from 2004 through 2008,

-5-

and also paid royalty fees in excess of $8,000,000 to Founding Partners Bermuda Capital.[1]   Tullis also found that for 2008, Founding Partners received $1,370,824.58 in management fees from Stable-Value, and $245,211.53 in management fees from Founding Partners Hybrid-Value Fund, LP.   (Doc. #86-2.)

The SEC states that Founding Partners, of which Mr. Gunlicks was the sole owner, held a 42.2% ownership interest in Founding Partners Bermuda Capital and therefore $3,594,863.97 of the $8,518.635.00 was received by Founding Partners.  The SEC does not seek the $245,211.53 in fees because the Hybrid-Value Fund was not fully invested in the Stable-Value Fund.   (Doc. #288, p. 9 n.5.) The SEC seeks the entire $28,635,966.55 in management and royalty fees ($23,670,278.00 + 3,594,863.97 + 1,370,824.58) as ill-gotten gains because the fees were earned while Mr. Gunlicks was perpetrating a fraud.   The SEC also seeks pre-judgment interest from April 30, 2009, through March 31, 2011, as consented to in the Judgment, in the amount of $2,193,842.31, for a total of $30,829,808.86.   (Doc. #289, Exh. A.)   The SEC further seeks the imposition of a $1,000,000.00 civil penalty.

The Court finds that the SEC has established that the amount of ill-gotten profits in the form of management and royalty fees received by Mr. Gunlicks totals $28,635,966.55, without opposition

---

[1]Tab 1 to the Declaration reflects the exact amount as $23,670,278.00 in management fees and $8,518.635.00 in royalty fees.

-6-

from Mr. Gunlicks.   The Court further finds that the pre-judgment interest calculation is appropriate and that the SEC is entitled to the requested pre-judgment interest in the amount of $2,193,842.31. The Court further finds that the imposition of a $1,000,000.00 civil monetary penalty is appropriate in light of the admitted allegations in the Complaint.

Accordingly, it is now

**ORDERED:**

1.   Plaintiff's Motion to Set Disgorgement and Prejudgment Interest, and Impose a Civil Penalty Against Defendant William L. Gunlicks (Doc. #288) is **GRANTED** and a supplemental final judgment will be entered against William L. Gunlicks and in favor of plaintiff for disgorgement, pre-judgment interest, and a civil monetary penalty as follows:

A.   Defendant William L. Gunlicks shall pay disgorgement in the amount of $28,635,966.55, representing the ill-gotten gains received;

B.   Defendant William L. Gunlicks shall further pay pre-judgment interest in the amount of $2,193,842.31; and

C.   Defendant William L. Gunlicks is assessed a civil penalty in the amount of $1,000,000.00.

2.   The Clerk shall enter a Supplemental Judgment accordingly, with the Court retaining jurisdiction over the implementation of

any terms for payment.  The Clerk is further directed to terminate

defendant William L. Gunlicks on the docket as a pending defendant.

   **DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of

June, 2011.


                                        _John E. Steele_
                                        JOHN E. STEELE
                                        United States District Judge


Copies:
Counsel of record

-8-

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

       Plaintiff,

-vs-                               Case No. 2:09-cv-229-FtM-29DNF

FOUNDING PARTNERS CAPITAL
MANAGEMENT CO., WILLIAM L. GUNLICKS
and PAMELA L. GUNLICKS,

       Defendants,

_____

## SUPPLEMENTAL JUDGMENT IN A CIVIL CASE

**Decision by Court.**    This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

       **IT IS ORDERED AND ADJUDGED** that pursuant to the Court's order entered on June 13, 2011, Plaintiff's Motion to Set Disgorgement and Prejudgment Interest, and Impose a Civil Penalty Against Defendant William L. Gunlicks (Doc. #288) is GRANTED and a supplemental final judgment will be entered against William L. Gunlicks and in favor of plaintiff for disgorgement, pre-judgment interest, and a civil monetary penalty as follows: Defendant William L. Gunlicks shall pay disgorgement in the amount of $28,635,966.55, representing the ill-gotten gains received; Defendant William L. Gunlicks shall further pay prejudgment interest in the amount of $2,193,842.31; and Defendant William L. Gunlicks is assessed a civil penalty in the amount of $1,000,000.00. This Supplemental Judgment is entered with the Court retaining jurisdiction over the implementation of any terms for payment.

Date:   June 15, 2011

                     SHERYL L. LOESCH, CLERK

                     By: /s/ Samantha Blake, Deputy Clerk

c: All parties and counsel of record

### CIVIL APPEALS JURISDICTION CHECKLIST

1.  **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)  **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b)  **In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable** decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c)  **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d)  **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e)  **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.  **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a)  **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)  **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)  **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)  **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)  **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  <u>Format of the notice of appeal</u>: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. <u>See also</u> Fed.R.App.P. 3(c). A <u>pro se</u> notice of appeal must be signed by the appellant

4.  <u>Effect of a notice of appeal</u>: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

Rev.: 4/0

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

vs.                                    Case No. 2:09-cv-229-FtM-29DNF

FOUNDING PARTNERS CAPITAL MANAGEMENT
CO., and WILLIAM L. GUNLICKS,

        Defendants,

_____

## SUPPLEMENTAL FINAL JUDGMENT AS TO DEFENDANT WILLIAM L. GUNLICKS

**IT IS ORDERED AND ADJUDGED** that pursuant to the Court's Opinion and Order (Doc. #292) entered on June 13, 2011, Plaintiff's Motion to Set Disgorgement and Prejudgment Interest, and Impose a Civil Penalty against Defendant William L. Gunlicks (Doc. #288) is **GRANTED,** and this Supplemental Final Judgment is entered against William L. Gunlicks and in favor of Plaintiff Securities and Exchange Commission for disgorgement, prejudgment interest, and a civil money penalty as follows:

I.

## DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS ORDERED AND ADJUDGED** that William L. Gunlicks is liable for disgorgement of $28,635,966.55, representing the ill-gotten gains received; prejudgment interest of $2,193,842.31; and a civil money penalty of $1,000,000.00.  William L. Gunlicks shall pay

post-judgment interest pursuant to 28 U.S.C. § 1961. The Commission may enforce the Supplemental Final Judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time. William L. Gunlicks shall pay all amounts due under this Supplemental Final Judgment into the Registry of the Court, and the Clerk of the Court shall hold these funds, together with any interest and income earned thereon, pending further Order of the Court.

## II.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Supplemental Final Judgment.

## III.

### RULE 54(B) CERTIFICATION

**IT IS FURTHER ORDERED AND ADJUDGED** that there is no just reason for delay, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Supplemental Final Judgment forthwith and without further notice.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>6th</u> day of March, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

-2-

Copies: Counsel of record

# Payment Instructions for Enforcement Debtors

The available payment options for Enforcement Debtors are described below. Please address questions or concerns to the OFM mailbox Disgorgement-Penalty@sec.gov or via phone to Denise Williams (202-551-7751).

| Checks or Money Orders (Mail) | Checks or money orders payable to the SEC should be mailed to the address below:<br><br>Enterprise Services Center<br>Accounts Receivable Branch<br>6500 South MacArthur Blvd<br>HQ Bldg, Room 181, AMZ-341<br>Oklahoma City, OK 73169 |
|---|---|
| Pay.gov (Internet) | Enforcement Debtors can make payments via the Internet using Pay.gov*:<br><br>https://pay.gov/public/form/start/39621196.<br><br>*Please note that Enforcement Debtors can only use the "Bank account (ACH)" option within Pay.gov. Other payment options including credit/debit card payments are not available to Enforcement Debtors at this time. Also, Pay.gov is only available to debtors where the judgment/order instructs them to remit payment to the Securities and Exchange Commission. Payments directed to the Courts or other third party entities cannot be accepted through this payment portal. |
| Wire Transfer (FEDWIRE – Domestic) | Please refer to the Domestic Wire Instructions section below. |
| Wire Transfer (Foreign) | Please refer to the Foreign Wire Instructions section below. |

Attachment D

# Payment Instructions for Enforcement Debtors

**Domestic Wire Instructions:**

## SECURITIES AND EXCHANGE COMMISSION

### *FEDWIRE INSTRUCTIONS*

Please provide the following instructions to your financial institution for the remittance of Fedwire payments to the <u>SECURITIES AND EXCHANGE COMMISSION</u>

| Fedwire Field Tag | Fedwire Field Name | Required Information | Additional Comments |
|---|---|---|---|
| {1510} | Type/Subtype | 1000 | |
| {2000} | Amount | *(enter payment amount)* | *US Dollars only* |
| {3400} | Receiver ABA routing number * | 021030004 | |
| {3400} | Receiver ABA short name | TREAS NYC | |
| {3600} | Business Function Code | CTR   *(or CTP)* | |
| {4200} | Beneficiary Identifier (account number) | 500000001 | |
| {4200} | Beneficiary Name | SECURITIES AND EXCHANGE COMMISSION | |
| {5000} | Originator | *(enter the name of the originator of the payment)* | *Also include name of defendants, if being remitted by 3rd party* |
| {6000} | Originator to Beneficiary Information – Line 1 | *(enter information to identify the purpose of the payment, e.g. invoice#, loan#, project code#, case #, case name, etc.)* | |

* The financial institution address for Treasury's routing number is 33 Liberty Street, New York, NY 10045

# Payment Instructions for Enforcement Debtors

**Foreign Wire Instructions:**

*Key Information:*

All payments will be sent in U.S. Dollars (USD); please provide the following instructions to your financial institution. Your financial institution will use the information to send a SWIFT message to its US Correspondent bank to complete the transaction. **YOU DO NOT NEED TO PROVIDE A SWIFT CODE TO YOUR BANK**

**Receiver:**
TREAS NYC
NEW YORK, NY US

**Dollar Value (Line 32A):**
Val Date/Currency/Interbank Settled Amount
Date: Date of payment
Currency: US Dollar
Amount: USD amount

**Name**
**and address (Line 50K):**
Customer (remitter's) Name
Customer (remitter's) Address
Customer (remitter's) Address
Customer (remitter's) Country

**Account**
**with Institution (Line 57D):**
//FW021030004
TREAS NYC/FUNDS TRANSFER DIVISION

**Beneficiary Identifier: (Line 59):** 50000001

**Payment Details RFB (Line 70):** 50000001
Enter information to identify the purpose of the payment (e.g., Court Case Number, Administrative Proceeding File No.)

**Detail of Charges (line 71a):** OUR

Last Updated 9/23/2015

# Payment Instructions for Enforcement Debtors

**Notes:**

- Account with Institution (Line 57D) MUST be exactly as shown, //FW021030004, or payment will be returned.

- Beneficiary Identifier (Line 59) MUST be exactly as shown, 50000001, or payment will be returned.

- Payment Details RFB (Line 70) should contain ALC and sufficient case information to ensure payments are credited to the proper account. (RFB stands for Reference for Beneficiary).

- Details of Charges (Line 71A) MUST include "OUR" as shown above to ensure that fees are not deducted from the amount remitted.

INSTR 4503804  OR 4631  PG 851  RECORDED 12/8/2010 3:21 PM  PAGES 8
DWIGHT E. BROCK, COLLIER COUNTY CLERK OF THE CIRCUIT COURT
REC $69.50  INDX $5.00

FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**CASE NO.:**

09 APR 20  PH 4:06

2: 09-c V - 229 -FtM-29-SPC

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) |
| FOUNDING PARTNERS CAPITAL MANAGEMENT, CO., and WILLIAM L. GUNLICKS, | ) |
| Defendants, | ) |
| SUN CAPITAL, INC., | ) |
| SUN CAPITAL HEALTHCARE, INC., | ) |
| FOUNDING PARTNERS STABLE-VALUE FUND, LP, | ) |
| FOUNDING PARTNERS STABLE-VALUE FUND II, LP, | ) |
| FOUNDING PARNTERS GLOBAL FUND, LTD, and | ) |
| FOUNDING PARTNERS HYBRID-VALUE FUND, LP, | ) |
| Relief Defendants. | ) |

## ORDER APPOINTING RECEIVER

WHEREAS, Plaintiff Securities and Exchange Commission has filed an emergency motion

for the appointment of a Receiver over Defendant Founding Partners Capital Management, Co.

("Founding Partners") and Relief Defendants Founding Partners Stable-Value Fund, LP,

Founding Partners Stable-Value Fund II, LP, Founding Partners Global Fund Ltd., and Founding

Partners Hybrid-Value Fund, LP ("Relief Defendants") with full and exclusive power, duty and

authority to: administer and manage the business affairs, funds, assets, choses in action and any

other property of Founding Partners and the Relief Defendants; marshal and safeguard all of the

assets of Founding Partners and the Relief Defendants; and take whatever actions are necessary for

the protection of investors;



EXHIBIT

E

WHEREAS, the Commission has made a sufficient and proper showing in support of the relief requested by evidence demonstrating a *prima facie* case of violations of the federal securities laws by Founding Partners and Defendant William Gunlicks;

WHEREAS, the Commission has submitted the credentials of a candidate to be appointed as Receiver of all of the assets, properties, books and records, and other items of Founding Partners and the Relief Defendants, including any properties, assets and other items held in the name of Founding Partners and the Relief Defendants, and the Commission has advised the Court that this candidate is prepared to assume this responsibility if so ordered by the Court;

NOW, THEREFORE, IT IS ORDERED, AND ADJUDGED that _Leanna B. Janter, Esq._ is hereby appointed the Receiver over Founding Partners and each of the Relief Defendants, and each of their subsidiaries, successors and assigns, and is hereby authorized, empowered and directed to:

1.    Take immediate possession of all property, assets and estates of every kind of Founding Partners and each of the Relief Defendants, whatsoever and wheresoever located, including but not limited to all offices maintained by Founding Partners and the Relief Defendants, rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of Founding Partners and the Relief Defendants wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court;

2.    Investigate the manner in which the affairs of Founding Partners and the Relief Defendants were conducted and institute such actions and legal proceedings, for the benefit and on

2

behalf of Founding Partners or the Relief Defendants and their investors and other creditors as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred money or other proceeds directly or indirectly traceable from investors in Founding Partners and the Relief Defendants, including against Founding Partners and the Relief Defendants, their officers, directors, employees, affiliates, subsidiaries, or any persons acting in concert or participation with them, or against any transfers of money or other proceeds directly or indirectly traceable from investors in Founding Partners and the Relief Defendants; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, et. seq. or otherwise, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order;

3.    Present to this Court a report reflecting the existence and value of the assets of Founding Partners and the Relief Defendants and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of Founding Partners and the Relief Defendants;

4.    Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the assets and business of Founding Partners and the Relief Defendants, and exercising the power granted by this Order, subject to approval by this Court at the time the Receiver accounts to the Court for such expenditures and compensation;

3

OR 4631   PG 854

5.      Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including, but not limited to, the United States Marshal's Service or a private security firm;

6.      Defend, compromise or settle legal actions, including the instant proceeding, in which Founding Partners, any of the Relief Defendants, or the Receiver are a party, commenced either prior to or subsequent to this Order, with authorization of this Court; except, however, in actions where Founding Partners or the Relief Defendants are a nominal party, as in certain foreclosure actions where the action does not effect a claim against or adversely affect the assets of Founding Partners or the Relief Defendants, the Receiver may file appropriate pleadings at the Receiver's discretion.  The Receiver may waive any attorney-client or other privilege held by Founding Partners or the Relief Defendants;

7.      Assume control of, and be named as authorized signatory for, all accounts at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds, wherever situated, of Founding Partners or the Relief Defendants and, upon, order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary;

8.      Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary, and advisable in discharging the Receiver's duties;

9.      Have access to and review all mail of Founding Partners and the Relief Defendants (except for mail that appears on its face to be purely personal or attorney-client privileged) received at any office or address of Founding Partners or any of the Relief Defendants.

4

**IT IS FURTHER ORDERED AND ADJUDGED** that, in connection with the appointment of the Receiver provided for above:

10.     Founding Partners and each of the Relief Defendants, and all of their directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of Founding Partners or the Relief Defendants shall deliver forthwith upon demand such property, money, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of Founding Partners or the Relief Defendants;

11.     All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of, Founding Partners or the Relief Defendants shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

12.     Unless authorized by the Receiver, Founding Partners and the Relief Defendants, and their principals shall take no action, nor purport to take any action, in the name of or on behalf of Founding Partners or any of the Relief Defendants;

13.     Founding Partners, the Relief Defendants, their principals, and their respective officers, agents, employees, attorneys, and attorneys-in-fact, shall cooperate with and assist the Receiver, including, if deemed necessary by the Receiver, appearing for deposition testimony upon two (2) business days notice (by facsimile), and producing documents upon two (2) business days notice, while the Commission's request for an asset freeze is pending. Founding Partners, the Relief Defendants, and their principals and respective officers, agents, employees, attorneys, and attorneys-

5

in-fact shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of the Receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

14.     The Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by Founding Partners or the Relief Defendants; said amount or amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to approval of the Court;

15.     During the period of this receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of Founding Partners or the Relief Defendants;

16.     Title to all property, real or personal, all contracts, rights of action and all books and records of Founding Partners and the Relief Defendants and their principals, wherever located within or without this state, is vested by operation of law in the Receiver;

17.     Upon request by the Receiver, any company providing telephone services to Founding Partners and any of the Relief Defendants shall provide a reference of calls from any number presently assigned to Founding Partners or any of the Relief Defendants to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership;

6

18.     Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to Founding Partners or any of the Relief Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver;

19.     The United States Postal Service is directed to provide any information requested by the Receiver regarding Founding Partners or any of the Relief Defendants, and to handle future deliveries of the mail of Founding Partners and the Relief Defendants as directed by the Receiver;

20.     No bank, savings and loan association, other financial institution, or any other person or entity shall exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

21.     No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence or greater, the Receiver shall not be liable for any loss or damage incurred by Founding Partners and the Relief Defendants, or by the Receiver's officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of the Receiver's duties and responsibilities;

22.     Service of this Order shall be sufficient if made upon Founding Partners or the Relief Defendants and their principals by facsimile or overnight courier;

23.     In the event that the Receiver discovers that funds of persons who have invested in Founding Partners or the Relief Defendants have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds;

7

*** OR 4631 PG 858 ***

24.     Immediately upon entry of this Order, and while the Commission's motion for an asset freeze is pending, the Receiver may take depositions upon oral examination of parties and non-parties subject to two (2) business days notice.  In addition, immediately upon entry of this Order, the Receiver shall be entitled to serve interrogatories, requests for the production of documents and requests for admissions.  The parties shall respond to such discovery requests within two (2) business days of service.  Service of discovery requests shall be sufficient if made upon the parties by facsimile or overnight courier.  Depositions may be taken by telephone or other remote electronic means; and

25.     This Court shall retain jurisdiction of this matter for all purposes.

DONE AND ORDERED this 28th day of April 2009, in Fort Myers, Florida.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

C. Ian Anderson, Esq.
Attorney for Plaintiff
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone:  (305) 982-6317
Facsimile:  (305) 536-4154

8

INSTR 4503808  OR 4631  PG 912  RECORDED 12/8/2010 3:21 PM  PAGES 2
DWIGHT E. BROCK, COLLIER COUNTY CLERK OF THE CIRCUIT COURT
REC $18.50  INDX $4.00

Case 2:09-cv-00229-JES-SPC  Document 258  Filed 11/17/10  Page 1 of 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

vs.                       Case No. 2:09-cv-229-FtM-29DNF

FOUNDING PARTNERS CAPITAL MANAGEMENT
CO., WILLIAM L. GUNLICKS and PAMELA
L. GUNLICKS,

      Defendants,

FOUNDING PARTNERS STABLE-VALUE FUND,
LP, FOUNDING PARTNERS STABLE-VALUE
FUND II, LP, FOUNDING PARTNERS
GLOBAL FUND, LTD., and FOUNDING
PARTNERS HYBRID-VALUE FUND, LP,

      Relief Defendants.

_____

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
SHERYL L LOESCH, CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: _____ DEPUTY CLERK

ORDER

    · This matter comes before the Court on Defendant William

Gunlicks' Emergency Motion to Modify the Asset Freeze Order to

Permit the Sale of William and Pamela Gunlicks' Naples Property

(Doc. #257) filed on November 16, 2010.

    On April 20, 2009, this Court entered an Order Freezing Assets

and Other Emergency Relief of Mr. Gunlicks. (Doc. #10.) On

November 3, 2009, the Gunlicks filed an Unopposed Emergency Motion

to Modify the Asset Freeze Order to Permit the Sale of William and

Pamela Gunlicks' Three Naples Properties. (Doc. #174.) The Court

granted the motion and permitted the Gunlicks to list the

properties for sale. (Doc. #175.) Prior to completing the sale of


EXHIBIT
F

any of the three properties, however, the Gunlicks were required to seek approval from this Court.  (Doc. #175, p. 2.)

In October 2010, the Gunlicks received a purchase offer of $625,000 for the property located at 1717 Golf Shore Blvd. N, Unit 801, Naples, Florida.  (Doc. #257, Exh. A.)  The closing date is scheduled for November 24, 2010 (Doc. #275, Exh. D) and, by this motion, the Gunlicks seek preapproval from the Court.  Absent any objection from the parties, the Court is inclined to grant the motion.

Accordingly, it is now

**ORDERED:**

All parties are directed to file any objection to the sale of the Gunlicks' property with the Court on or before **November 18, 2010.**

**DONE AND ORDERED** at Fort Myers, Florida, this **17th** day of **November, 2010.**

JOHN E. STEELE
United States District Judge

Copies: Counsel of record

-2-