UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLERK OF THE CIRCUIT COURT AND
COMPTROLLER FOR COLLIER
COUNTY, FLORIDA, Plaintiff

        Plaintiff,

v.                                  Case No.:  2:19-cv-515-FtM-38MRM

SECURITIES AND EXCHANGE
COMMISSION and THE M.B.W.
BUILDING, INC.,

        Defendants.
_____/

## **ORDER**[1]

Before the Court is Plaintiff Clerk of the Circuit Court and Comptroller for Collier County, Florida's Motion for Entry of Default Judgment (Doc. 23).[2] The Comptroller seeks a default judgment against Defendant M.B.W. Building, Inc. Also here is a Stipulation and Order for Entry of Judgment in Interpleader and Dismissal (Doc. 25) jointly filed by the Comptroller and Defendant United States Securities and Exchange Commission ("SEC"). The Court grants the Motion for default judgment (Doc. 23).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] For clarity, Plaintiff is called the "Comptroller" below.

## BACKGROUND

The Comptroller brought an interpleader action against SEC and MBW. (Doc. 4). The stake is surplus funds resulting from the tax-deed sale of property. (Doc. 4 at 1-2). Those funds amount to $75,280.44. (Doc. 4-2). Both SEC and MBW claimed entitlement to the surplus funds. (Docs. 4 at 2-3; 4-3; 4-4). Because of the conflicting claims, the Comptroller filed this interpleader action in state court. (Doc. 4). SEC removed here. (Doc. 1).

Despite service of the Complaint (Doc. 1-3 at 60), notice of removal (Doc. 1 at 3), and Motion for default judgment (Doc. 23 at 5), MBW never appeared. So the Court entered a clerk's default against MBW. (Docs. 20; 21). Now, the Comptroller moves for default judgment. MBW failed to respond, and the time to do so passed.

## DISCUSSION

To obtain default judgment, a party must first obtain a clerk's default. Fed. R. Civ. P. 55(a). Here, the Court entered clerk's default against MBW. (Docs. 20; 21). After a clerk's default, a court may enter default judgment against a defendant who fails to plead or otherwise defend. *See* Fed. R. Civ. P. 55. A clerk's default alone does not justify default judgment, however. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). So the Court must ensure the well-pled allegations in a complaint state a claim and there is a sufficient basis for relief. *Id.*

Florida authorizes its county clerks to conduct tax-deed sales. Fla. Stat. § 197.542 (2016).[3] Florida Statute § 197.582 governs disbursement of the sale proceeds. One provision allows county clerks to bring interpleader actions when—like here—there are

---

[3] All references are to the 2016 Florida Statutes, when the sale occurred. (Doc. 4 at 2).

conflicting claims to the surplus funds of the sale. Fla. Stat. § 197.582(3). And SEC could remove to federal court under 28 U.S.C. §§ 2410 and 1444. *E.g.*, *Leathers v. Leathers*, 856 F.3d 729, 750 (10th Cir. 2017); *Southtrust Mortg. Corp. v. Majestic Farms, LLC*, No. 5:07-cv-328-Oc-10GRJ, 2007 WL 4463929, at *2-3 (M.D. Fla. Dec. 17, 2007).

When a claimant (defendant) in an interpleader case fails to plead or otherwise claim an interest in the stake, default judgment may be proper. *E.g.*, *Columbus Life Ins. v. Allen*, No. 3:13-cv-1612-J-39JBT, 2015 WL 12696200, at *1-2 (M.D. Fla. Apr. 23, 2015) (collecting cases). While not necessarily dispositive, "default simplifies resolution" because "if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund." *Publix Super Mkts., Inc. v. Wilkins*, No. 8:17-cv-1918-T-27JSS, 2018 WL 3650108, at *1-2 (M.D. Fla. June 4, 2018) (citation omitted) (collecting cases), *report and recommendation adopted*, 2018 WL 3650045 (July 5, 2018).

Through clerk's default, MBW admitted the Complaint's well-pled allegations below. *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015). Both MBW and SEC submitted claims for entitlement to the surplus funds. (Docs. 4 at 2-3; 4-3; 4-4). SEC's claim stems from an unsatisfied judgment, nearing $32 million, in favor of SEC and against the previous owner of the subject property. (Docs. 4 at 2-3; 4-4). Enforcing that judgment, this Court entered an order freezing the previous owner's assets before MBW took possession of the property. (Docs. 4 at 3; 4-5; 4-6). Because MBW took title to the property when the previous owner's assets were frozen and nothing suggests this Court allowed a sale, MBW's claim to the funds is clouded. (Doc. 4 at 3). Thus, the well-pled allegations support the plausible inference that SEC is entitled to the surplus funds, not MBW. *See Wilkins*, 2018 WL 3650108, at *1-2 (stating the "default of the other

3

defendants makes clear that [appearing defendant] is the proper beneficiary"). And MBW waived its claim to the stake by defaulting. See *id.*; *Columbus Life Ins. v. Allen* (*Allen II*), No. 3:13-cv-1612-J-39JBT, 2015 WL 12838836, at *2 (M.D. Fla. Aug. 11, 2015), *report and recommendation adopted*, 2015 WL 12839180 (Oct. 6, 2015). So SEC has a right to default judgment.

With that established, the Court turns to disbursement of the surplus funds. See *Wilkins*, 2018 WL 3650108, at *2 (The "disbursement of the interpleaded funds may be ordered simultaneously with the entry of final judgment against the defaulted defendants."). Attached to the Complaint is an affidavit declaring the surplus funds amount to $75,280.44 plus accrued interest. (Doc. 4-2). The Comptroller and SEC stipulate SEC should recover that amount, minus reasonable attorney's fees and costs for the Comptroller. (Doc. 25 at 2). Disinterested stakeholders who bring interpleader actions may be entitled to reasonable fees and costs. *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986). So as agreed to by the remaining parties, SEC is entitled to the surplus funds after the Comptroller deducts $7,872.82 for fees and costs. (Doc. 25 at 2-3).

Thus, the Comptroller must disburse the surplus funds as outlined in the Stipulation (Doc. 25). After doing so—within two weeks—the parties must jointly file a notice that all funds are allocated, and the case can be dismissed.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Entry of Default Judgment (Doc. 23) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter default judgment against Defendant M.B.W. Building, Inc. and in favor of Defendant United States Securities and Exchange Commission.

3. Plaintiff is **ORDERED** to **DISBURSE** the surplus funds in accordance with the parties Stipulation and Order for Entry of Judgment (Doc. 25). On or before **October 24, 2019**, the parties must **FILE** a **JOINT NOTICE** that the funds have been disbursed and the case can be dismissed at that time.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of September, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record